UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BAILEY,<br><br>   Plaintiff,<br><br> v.<br><br>CSP-CORCORAN, et al.,<br><br>   Defendants. | **Case No. 1:13-cv-02047-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 1, 10, 12)**<br><br>**30-DAY DEADLINE** |

  Plaintiff, Larry Bailey, is a state prisoner who is currently proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially opened this action on a letter ("the opening letter") which he filed in the Northern District of California on October 25, 2013. (Doc. 1.) It was transferred to this Court on December 12, 2013 (Doc. 14) after Plaintiff filed a complaint (Doc. 10) and motion to proceed in forma pauperis (Doc. 11). In both the opening letter and the Complaint, Plaintiff alleges "fabrication of arrest" and improper investigation and seeks his release from state custody. Plaintiff also requested appointment of counsel on a form intended for use in a federal habeas corpus case. (Doc. 12.) It appears that Plaintiff may have intended to pursue habeas corpus relief, rather than an action under §1983.

  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874

1

(9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Complaint does not contain any allegations to show that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  It appears that Plaintiff's intent in filing this action is for habeas corpus relief rather than to pursue claims under § 1983.

Accordingly, it is HEREBY ORDERED that within **30 days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **January 9, 2014**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

2