# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BAILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CSP-CORCORAN, et al.,<br><br>    Defendants. | Case No.  1:13-cv-02047-JLT (PC)<br><br>**FINDINGS AND RECOMMENDAITON RECOMMENDING DISMISSAL WITHOUT PREJUDICE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 1, 10, 12, 18)**<br><br>**14 DAY DEADLINE** |

Plaintiff, Larry Bailey, is a state prisoner who is currently proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially opened this action on a letter ("the opening letter") which he filed in the Northern District of California on October 25, 2013. (Doc. 1.) It was transferred to this Court on December 12, 2013 (Doc. 14), subsequent to Plaintiff filing the Complaint (Doc. 10) and motion to proceed in forma pauperis (Doc. 11). In both the opening letter and the Complaint, Plaintiff alleges "fabrication of arrest" and improper investigation, seeking his release from state custody. Plaintiff also requested appointment of counsel on a form intended for use in a federal habeas corpus case. (Doc. 12.)

On January 9, 2014, the Court issued an order for Plaintiff to show cause within thirty days why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477

1

1  (1994). (Doc. 18.) Despite filing a number of other documents[1], more than thirty days have
2  passed and Plaintiff has failed to show cause why this action is not barred by *Heck v. Humphrey*.

3  When a prisoner challenges the legality or duration of his custody, or raises a
4  constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a
5  writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874
6  (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an
7  allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the
8  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
9  invalid by a state tribunal authorized to make such determination, or called into question by a
10 federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512
11 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or
12 sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

13 As stated in the order to show cause, the Complaint does not contain any allegations to
14 show that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into
15 question by a writ of habeas corpus. It appears that Plaintiff's intent in filing this action is for
16 habeas corpus relief rather than to pursue claims under § 1983.

17 The Court has the inherent power to control its docket and may, in the exercise of that
18 power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los*
19 *Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Based on Plaintiff's failure to respond to the
20 order to show cause, dismissal of this action is appropriate. *In re Phenylpropanolamine (PPA)*
21 *Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

22 **ORDER**

23 Accordingly, the Court HEREBY RECOMMENDS the matter be DISMISSED without
24 prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

25 These Findings and Recommendations will be submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **14**

---

[1] Each of Plaintiff's filings subsequent to the order to show cause have been reviewed and none in any way address whether this case is barred by *Heck v. Humphrey*. (*See* Docs. 9-26.)

**days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 27, 2014**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE